UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Douglas Tinsley, <br> *aka Jimmy Tinsley, Jimmy D Tinsley III,* <br> *James D. Tinsley, II, James Douglas Tinsley II* <br><br> Plaintiff, <br><br> vs. <br><br> Detective Brian Wight, SCSO; <br> Investigator R. Bogan, I-58, SCSO; <br> Sheriff Chuck Wright, SCSO, and <br> County of Spartanburg, <br> being sued in their individual and official capacities, <br><br> Defendants. | C/A No. 7:09-2455-SB-BHH <br><br> Report and Recommendation |

This is a civil action filed *pro se* by a county jail inmate.[1] Plaintiff is currently confined at the Hendersonville County Jail in Hendersonville, North Carolina. In the Complaint filed in this case, he seeks damages and injunctive relief from several members of the Spartanburg County, South Carolina Sheriff's Office and from Spartanburg County, claiming that, despite his requests that they do so, Spartanburg County law enforcement officials refuse to return certain of his personal property that was seized in connection with the arrest of a third person. According to Plaintiff, his personal property was located in a trailer allegedly owned, but actually stolen, by the third party. He claims that he had no knowledge that the trailer was stolen, but that his property was seized when the third party was arrested for being in possession of the stolen trailer. Plaintiff claims that their retention of his property violates his constitutional rights under the 4th, 5th, and 14th amendments to the U.S. Constitution.

Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claim about the alleged possible loss or negligent safekeeping of his personal property by Spartanburg County law enforcement officials is not properly before this federal Court as a constitutional claim pursuant to 42 U.S.C. § 1983[2] because Plaintiff has an adequate state-court remedy for such personal property issues under the South Carolina Torts Claim Act against any Spartanburg County officials or employees responsible for the possible loss and/or

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

negligence. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). If the personal property is being held as evidence in a criminal case against the third party who stole the trailer, Plaintiff may also make use of any South Carolina state criminal procedures that might be available for the return of personal property seized as evidence in criminal investigations. *See Mora v. City of Gaithersburg*, 519 F. 3d 216, 230-31 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a Plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[3]

Under South Carolina law, Plaintiff's claims relating to his attempts to retain possession of his personal property are cognizable under the South Carolina Tort Claims Act. *See* S.C. Code Ann. §§ 15-78-10 through15-78-220. There are also specific South Carolina laws governing the return of property seized and/or forfeited in connection with criminal charges. *See, e.g.*, S.C. Code Ann. §§ 44- 53-530 (forfeiture process under certain drug laws); 44-53-586 (return of seized property to "innocent owners"); 56-29-50 (forfeiture under stolen vehicle/chop shop legislation). Moreover, South Carolina common law provides civil causes of action under which owners of property held by law enforcement following seizures and/or arrests might obtain return of said property. *See, e.g.*, *Palmetto State Bank v. English*, 186 S.E. 638, 641 (S.C. 1936)(attachment); *Welch v. Gleason*, 5 S.E. 599, 601 (S.C. 1888)(replevin, conversion).

The provisions of the South Carolina Torts Claim Act encompass a negligent loss of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment.

---

[3] *Yates* has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

Accordingly, Plaintiff's claims relating to his personal property are cognizable under the South Carolina Tort Claims Act (the Act) because Spartanburg County is a political subdivision of the State of South Carolina and, so, Defendants' activities, as employees/officials of the County are covered by the Act. Because Plaintiff can file a verified claim of his alleged personal property loss with Spartanburg County under the Act and/or, if the correct facts are present, by way of a motion filed in a pending criminal action against the third party who allegedly stole the trailer where the property was seized from for return of the property under §§ 44-53-530, 44-53-586, 56-29-50 or other similar state statute, the loss (or potential loss) of Plaintiff's personal property is not a basis for a federal § 1983 civil rights action. Plaintiff's Complaint should be summarily dismissed without service on Defendants.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

September 30, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).