THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

James D. Tinsley, )
) Civil Action No.: 7-09-2455-SB-BHH
)
Plaintiff, )
)
vs. ) **REPORT AND RECOMMENDATION**
) **OF MAGISTRATE JUDGE**
Detective Brian Wright, )
Investigator R. Bogan, )
Sheriff Chuck Wright, and )
Spartanburg County, )
)
Defendants. )

The pro se Plaintiff filed this prisoner civil rights action on September 17, 2009. Before the court is the Defendants' Motion for Summary Judgment (Dkt. # 35) and the Plaintiff's Motions for a Partial Summary Judgment (Dkt. # 40) and to Stay (Dkt. # 52).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On February 9, 2010, the Plaintiff filed an Amended Complaint. (Dkt. # 24.) The Defendants filed a Motion for Summary Judgment on May 6, 2010. (Dkt. # 35.) On May 7, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 26, 2010, the Plaintiff filed a response opposing the Defendants' Summary Judgment Motion. (Dkt. # 38.) On May 26, 2010, the Plaintiff also filed his own Motion for Partial Summary Judgment. (Dkt. # 39.) Then, on June 25, 2010, the Plaintiff filed a Motion to Stay. (Dkt. # 52.) The Defendants filed responses opposing these motions. (Dkt. # 41 and 56.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient

to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## FACTS

In his Amended Complaint, the Plaintiff alleges that in November and December 2006, he and his family were invited to use a recreational vehicle("RV") in Cherokee, North Carolina, which he thought was owned by Hogan Hugh Justice, III. (Am. Compl. ¶¶ 5-6.) The Plaintiff states that he stayed in the RV and left some of his belongings in the RV including a digital camera, a Sony camcorder, various clothing, two fishing rods, waders with boots, dishes, food, coffee maker, toaster, and a safe with $42, 000 cash inside it. (Compl. ¶ 7.)[1] The Plaintiff alleges that in December 2006, the Defendants Wright and Bogan illegally seized the RV, released the RV to its lawful owner, and took the Plaintiff's possessions back to Spartanburg. (*Id.* at ¶ 10.) The Plaintiff alleges Justice pled guilty and maintained that the Plaintiff did not have anything to do with the theft of the RV. (Id. at ¶ 12.)

The Plaintiff has been charged grand larceny and receiving stolen goods in connection with the theft of the RV. The Defendant Bogan inventoried the following items as contents of the RV which were seized:

    Several cigar and cigarette butts

    Pack of empty Newport cigarettes

    Taco Bell plastic cup

    Mountain Dew can

    Coca Cola can

---

[1] In his memorandum opposing the Defendants' summary judgement motion, the Plaintiff states that a leopard print rug and kerosene heater are also missing. (Pl.'s Mem. Opp. Summ. J. Mot. at 9 n.2.)

> Razors
>
> Pad with writing on it and 2 pieces of paper with writing on it
>
> Brush
>
> Cigarette butts
>
> 1 Newport empty cigarette pack
>
> 1 used tissue
>
> Bacardi Silver 03 bottle
>
> Several bills and papers with the name of James Douglas Tinsley II on them piece of paper with (Reservation IGA) dated for 12-2-06 at 10:13 a.m.
>
> Tag License # 558 TWP SC.
>
> 1 Scientific Anglers rod and reel and 1Abu Garcia rod and reel

(Defs.' Mem. Supp. Summ. J. Mot. Dkt. Attach. # 4 at 6.) The Defendants state that the RV and its remaining contents were then released to the victim, Holiday Kampers of Spartanburg. The Defendants state that the only property alleged by the Plaintiff to have been seized are the two rods and reels. (Defs.' Mem. Supp. Summ. J. Mot. at 4.)

The Plaintiff alleges that he has repeatedly requested the return of his personal possessions. (*Id.* at 15.) The Plaintiff is seeking to have the above listed personal property returned to him, actual and punitive damages, and a declaratory judgment that his constitutional rights were violated.

### DISCUSSION

**Motion to Stay**

The Plaintiff has filed an motion seeking the stay of this action pending the resolution of his pending state criminal charges. (Dkt. # 52.) The Plaintiff specifically states that he is alleging a §1983 claim for damages based upon the Defendants' alleged illegal seizure of the Plaintiff's personal belongings which were in the RV when it was lawfully searched.

4

He states that, with the exception of the two fishing rods, this personal property is not evidence in his state criminal trial. (Pl.'s Mem. Opp. Summ. J. Mot. at 9 and 11.) Now, the Plaintiff is seeking a stay of this action pending the resolution of his state criminal proceeding. The undersigned does not find such a stay appropriate. If the personal property was not seized as evidence, and is not being used as such in the Plaintiff's criminal trial, the resolution of the Plaintiff's criminal proceeding would not affect this §1983 action.

The plaintiff is also seeking to take, at the court's expense, the depositions of Paul Thomas of Holiday Kamper to establish whether the Plaintiff's personal property was in the RV when the Defendants released the RV into Holiday Kamper's custody and Hogan Hugh Justice, III, to establish whether the Plaintiff's personal property was in the RV. (Mot. to Stay at 1-2.) Civil litigants, including pro se litigants, generally bear their own deposition costs. *See Badman v. Stark,* 139 F.R.D. 601, 605 (M.D. Pa 1991) (holding 28 U.S.C. § 1915(a) does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y.1986) (holding neither the defendant nor the government is required to pay for the deposition costs of a prisoner litigant). *See also Toliver v. Community Action Comm. to Help the Economy*, 613 F.Supp. 1070 (S.D.N.Y.1985) (holding "[t]here [is] no clear statutory authority for prepayment of discovery costs [pursuant to 1915 or otherwise]"); *Ebenhart v. Power*, 309 F.Supp. 660 (S.D.N.Y.1969) (finding "[g]rave doubts exist as to whether § 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery"). Based on the foregoing, the undersigned recommends that Plaintiff's motion to stay this action and for funds to pay for depositions (Dkt. # 52) be denied.

**Summary Judgment Motions**

The Defendants contends that they should be granted summary judgment because, inter alia, the Plaintiff's action is barred pursuant to *Hudson v. Palmer,* 468 U.S. 517, 520 (1984). The undersigned agrees.

In *Hudson*, the Court held that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. *Hudson,* 468 U.S. at 520. Later in *Parratt v. Taylor,* 451 U.S. 527, 535-45 (1981), overruled in part on other grounds by *Daniels v. Williams,* 474 U.S. 327 (1986), the Court similarly held that although the plaintiff, a state prisoner, had been "deprived" of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the State's post-deprivation tort remedy provided the process that he was due. Likewise, the United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides the plaintiff with a viable remedy for the loss of personal property - even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison,* 782 F.2d 1182, 1183-1184 (4th Cir.1986).

Here the allegations are there was an intentional taking, essentially amounting to a theft, of the Plaintiff's property which would undoubtedly constitute a "random" and "unauthorized" deprivation (there being no suggestion that this is the common practice for dealing with seized items), the existence of an adequate post-deprivation remedy would foreclose a § 1983 claim under the *Parratt/Hudson* doctrine. *See Alexander v Leyoub*, 62 F.3d 709 (5th Cir.1995). Even if the Plaintiff could demonstrate that the Defendants intentionally took his property, he could not prevail in this § 1983 action. Deprivations of personal property by States or state actors do not support actions under § 1983. *See*

*Daniels v. Williams,* 474 U.S. 327, 328-336 & n. 3 (1986). Furthermore, if the Plaintiff is alleging the Defendants were negligent in the handling of any of the Plaintiff's personal property, such a claim would also be barred. *See Hudson,* 468 U.S. at 533 (holding applies to an intentional as well as negligent deprivation of a prisoner's property). Furthermore, the Plaintiff has not identified any policy requiring officers to retain property that is not needed for a prosecution, and it is highly unlikely that any such policy exists.

Accordingly, the holdings in *Parratt* and *Hudson* apply to this action. *See Case v. Eslinger,* 555 F.3d 1317, 1331 (11th Cir. 2009) (holding "We have recognized that a civil cause of action for wrongful conversion of personal property under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers." (internal quotations omitted)). The Plaintiff cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate. The Plaintiff has not alleged South Carolina's state procedures to recover his allegedly wrongfully seized property are insufficient. Accordingly, the Plaintiff's claims should be dismissed and the Defendants' summary motion granted.

## CONCLUSION

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment (Dkt. # 35) be GRANTED; the Plaintiff's Motions for partial Summary Judgment (Dkt. # 40) and for a Stay (Dkt. # 52) be DENIED; and the Complaint be Dismissed with Prejudice.

IT IS SO RECOMMENDED.

              s/Bruce Howe Hendricks
              United States Magistrate Judge

August 23, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).